WARREN T. RASO *v.* BRIGID A. RASO
(AC 23892)

DiPentima, Gruendel and Foti, Js.

Argued October 27—officially released December 20, 2005

*Douglas J. Lewis,* for the appellee-appellant (plaintiff).

*Opinion*

GRUENDEL, J. The defendant, Brigid A. Raso, appealed from the judgment of the trial court dissolving her marriage to the plaintiff, Warren T. Raso. On cross appeal,[1] the plaintiff claims that the court improperly permitted the defendant fifteen years to pay the plaintiff for his share of their marital residence. We affirm the judgment of the trial court.

[1] The defendant's appeal subsequently was dismissed because she failed to file a brief.

The following facts are relevant to our disposition of the plaintiff's cross appeal. The plaintiff filed for legal separation on May 11, 2001, on the ground of irretrievable breakdown. The defendant filed a cross complaint for dissolution of the parties' marriage. On October 15, 2002, the court rendered judgment dissolving the marriage. The court ordered, among other things, that the plaintiff convey his interest in the marital residence to the defendant, but remain solely responsible for all financial obligations related to the property. Furthermore, the court ordered, "Upon the sale of said residence, but in no event later than fifteen (15) years from the date of this judgment, the defendant shall pay to the plaintiff twenty five (25%) percent of either the sale price or the fair market value of said real property." The order also provided that the plaintiff retain a lien against the defendant's interest for the 25 percent.

On November 4, 2002, the plaintiff filed a motion to reargue, contending that the fifteen year payback period permitted the defendant to encumber the marital residence at the plaintiff's expense.[2] The court denied the motion. The defendant then appealed from the judgment of the court, claiming, among other things, that the order awarded the plaintiff an inequitable share of the marital residence. The plaintiff's subsequent cross appeal is before this court.

We set forth the standard of review for challenges to financial orders in a dissolution action. In fashioning its financial orders, the court has broad discretion, and "[j]udicial review of a trial court's exercise of [this] broad discretion . . . is limited to the questions of whether the . . . court correctly applied the law and could reasonably have concluded as it did. . . . In making those determinations, we allow every reasonable

---

[2] The plaintiff also argued that the time period for which the defendant either must pay or sell should be reduced to one year.

presumption . . . in favor of the correctness of [the trial court's] action." (Internal quotation marks omitted.) *Casey* v. *Casey*, 82 Conn. App. 378, 383, 844 A.2d 250 (2004). That standard of review "reflects the sound policy that the trial court has the unique opportunity to view the parties and their testimony, and is therefore in the best position to assess all of the circumstances surrounding a dissolution action, including such factors as the demeanor and the attitude of the parties." Id.

"In distributing the assets of the marital estate, the court is required by [General Statutes] § 46b-81 to consider the estate of each of the parties. . . . General Statutes § 46b-81 (a) provides in relevant part: At the time of entering a decree . . . dissolving a marriage . . . the Superior Court may assign to either the husband or wife all or any part of the estate of the other." (Citation omitted; internal quotation marks omitted.) *Gilbert* v. *Gilbert*, 73 Conn. App. 473, 484–85, 808 A.2d 688 (2002). Courts are not required to "ritualistically recite the criteria they considered, nor are they bound to any specific formula respecting the weight to be accorded each factor" in determining the distribution of marital assets. *Casey* v. *Casey*, supra, 82 Conn. App. 384.

The plaintiff claims that the court improperly distributed the assets of the marriage. Specifically, the plaintiff argues that the court abused its discretion in permitting the defendant up to fifteen years to pay him 25 percent of the fair market value of the residence. That aspect of the court order, the plaintiff contends, deprives him of title to the marital residence and leaves him liable on the mortgage debt. The plaintiff also argues that by delaying the defendant's payment, the court order effectively leaves him without cash assets from which to pay his debts and without collateral against which to borrow funds now or in the future. Finally, the plaintiff argues that the court order improperly permits the defendant to use the residence as collateral and that

he bears the risk of repaying any loans on which the defendant may default. We are not persuaded.

The court properly made specific factual findings as to the assets and liabilities that each party brought to the marriage and certain other relevant factors existing at the time of the dissolution, all of which are supported by the evidence. At the time of judgment, the court found the marital residence to be worth approximately $250,000 and estimated the equity in the residence to be $88,000.[3] The court further found that the plaintiff's net weekly income was approximately $655, while the defendant's was $696. In addition, the court determined that the plaintiff's retirement plan would pay him approximately $1764.28 per month and also pay the defendant, regardless of the dissolution of their marriage, $719 per month. Applying those factual findings to the statutory considerations set forth in § 46b-81, we conclude that the financial orders were logically consistent with the facts found and that the court reasonably could have concluded as it did.

Further, the plaintiff does not rely on any legal precedent in making his argument. Instead, he simply claims that the court order improperly conveyed the residence to the defendant and has the potential to cause him future economic harm. Because the plaintiff's cross appeal lacks reference to legal authority regarding that issue, we find his argument all the more unpersuasive. Accordingly, we conclude that the court did not abuse its discretion in allowing the defendant up to fifteen years to pay the plaintiff for his share of the marital residence.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The parties used the equity in the home to obtain a loan in the amount of $68,000 to invest in various stocks. The parties lost all but $4000 of their investment when their stocks dropped precipitously in value.